SHEPHERD, Circuit Judge,
concurring in part and dissenting in part.
I concur with the court’s decision to affirm the district court’s dismissal of the Appellants’ complaint, however I would base the dismissal on the Appellants’ lack of standing. Thus, I dissent from section II of the majority’s opinion.
Appellants do not have standing in this matter because they failed to apply to run for Board of Director positions after the *1001 adoption of the contested bylaw. See Bernbeck v. Gale, No. 15-1983, 829 F.3d 643, 647-48, 2016 WL 3769481 at *3 (8th Cir. July 14, 2016) (holding plaintiff lacked standing when he failed to perform “the acts necessary to bring his injury into existence” when he did not submit a signed petition and had it rejected for failure to comply with Nebraska’s signature-distribution requirement); Mo. Roundtable for Life v. Carnahan, 676 F.3d 665, 673 (8th Cir. 2012) (concluding plaintiff lacked standing because it did not have a concrete and particularized injury where plaintiff failed to allege or present evidence that “it ever tried to obtain signatures in support of its proposals, that it was ever prevented from circulating petitions, that the official ballot titles confused or misled voters, or that any voters were unable or unwilling to consider Roundtable’s proposals”); Pucket v. Hot Springs Sch. Dist. No. 23-2, 526 F.3d 1151, 1161 (8th Cir. 2008) (“[I]f a plaintiff is required to meet a precondition or follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to attempt to satisfy the precondition.”).
Furthermore, Appellants do not assert standing on the basis of their capacity as voters in their complaint, in response to the motion to dismiss, or in their briefing on appeal. See Bernbeck, No. 15-1983, 829 F.3d at 650, 2016 WL 3769481 at *4 (rejecting voter status as a basis for standing where the court could find “[njowhere in the complaint nor in the record ... any averment or evidence that [the plaintiff] is registered to vote.”).
Accordingly, finding that Appellants do not have standing, I agree with the district court that the complaint should be dismissed on that basis, and I would not reach the merits of the 42 U.S.C. § 1983 claim.